IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:06-CR-67-FL
NO. 4:10-CV-24-FL

| | |
|---|---|
| **MARCUS EDWIN REDDICK,**<br>  Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br>  Respondent.<br>_____ | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-44) *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-41). Petitioner has filed a response (DE-47) and the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-44) be GRANTED and that Petitioner's Motion to Vacate (DE-41) be DENIED.

## I. Background

Petitioner was charged in an indictment on October 11, 2006 with: 1) knowingly and intentionally possessing with the intent to distribute more than fifty grams of cocaine base (crack); and 2) knowingly and intentionally possessing with the intent to distribute marijuana (DE-1). On December 19, 2006, Petitioner pled guilty to Count One of the indictment. This

guilty plea was memorialized in a Plea Agreement filed and approved by this Court (DE-22).

In the plea agreement, Petitioner agreed:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. (DE-22).

He was sentenced on March 21, 2007 to, *inter alia*, a total of 126 months imprisonment (DE-25). Petitioner's sentence was reduced to the statutory minimum (120 months imprisonment) on July 5, 2009 as a result of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (DE-33). Furthermore, on November 9, 2009, the Government's motion to reduce Petitioner's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure was granted, and Petitioner's sentence was reduced to 72 months (DE-39). No direct appeal was filed by Petitioner. Plaintiff filed the instant Motion to Vacate on April 26, 2010 (DE 47-2).

## II. Legal Standards and Analysis

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair

notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id*. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted).

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the

3

evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4).

If a defendant does not timely appeal the trial court's final judgment, as in this case, his conviction becomes final 10 business days after entry of final judgment, when petitioner's opportunity to appeal expires. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R.App. P. 4(b). Accordingly, Petitioner's conviction became final on April 4, 2007, ten business days after entry of final judgment. Petitioner incorrectly asserts that his conviction did not become final on that date because of the pendency of his Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). *See* United States v. Hartwell, 448 F.3d 707, 720-721 (4th Cir. 2006)( a "criminal case . . .[is] no longer 'pending' . . .despite the fact that

4

. . .[the] sentence could be modified as authorized by Congress, such as under Criminal Rule 35(b) or 18 U.S.C.A. § 3582(c)"). The fact that a sentence can be modified pursuant to Rule 35 of the Federal Rules of Civil Procedure or 18 U.S.C. § 3582(c) does not affect the finality of the conviction and sentence. United States v. Sanders, 247 F.3d 139, 143 (4th Cir.2001). Therefore, Petitioner had until April 4, 2008 to timely file his § 2255 motion. However, Petitioner's Motion to Vacate was not filed until April 26, 2010 (DE 47-2). As such, Petitioner's Motion to Vacate is untimely on its face, and must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> Id.

Petitioner has failed to assert any facts which would indicate that equitable tolling is appropriate in this matter. Accordingly, the undersigned RECOMMENDS that Petitioner's

Motion to Vacate be dismissed because it is time-barred.

## **Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-44) be GRANTED and that Petitioner's Motion to Vacate (DE-41) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 10th day of May, 2010.

_____
William A. Webb
U.S. Magistrate Judge