IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:06-CR-67-FL
NO. 4:10-CV-24-FL

| | | |
|---|---|---|
| MARCUS EDWIN REDDICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 41) and respondent's motion to dismiss (DE # 44). Pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Proceedings, these motions were referred to United States Magistrate Judge William A. Webb. The magistrate judge has entered his memorandum and recommendation ("M&R"), in which he recommends the court grant respondent's motion to dismiss and deny petitioner's motion to vacate (DE # 48). Petitioner filed a response objecting to the M&R, and respondent has not responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules petitioner's objection, adopts the M&R, and grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

On October 11, 2006, petitioner was charged in a two-count indictment with (1) knowingly and intentionally possessing with the intent to distribute more than fifty (50) grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1), and (2) knowingly and intentionally possessing with

the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On December 19, 2006, petitioner entered a plea of guilty, pursuant to a plea agreement, to Count One. On March 21, 2007, this court sentenced petitioner to one hundred twenty-six (126) months imprisonment.

On April 8, 2008, petitioner filed a motion for sentence modification pursuant to 18 U.S.C. §§ 3553(a) and 3582(c)(2). Respondent filed a response on March 6, 2009. On July 5, 2009, the court reduced petitioner's sentence, pursuant to 18 U.S.C. § 3582(c)(2), to a term of one hundred twenty (120) months imprisonment.

On August 10, 2009, respondent filed a motion, pursuant to Federal Rule of Criminal Procedure 35(b), for a further reduction of petitioner's sentence. On November 9, 2009, the court granted respondent's motion and amended its original judgment to include a term of imprisonment of only seventy-two (72) months.

Petitioner filed his § 2255 petition on February 19, 2010. Petitioner asserts that he received ineffective assistance of counsel. On April 6, 2010, respondent filed a motion to dismiss petitioner's petition. On April 26, 2010, petitioner filed a response to respondent's motion to dismiss. The court referred the matter to the magistrate judge, who issued his M&R on May 10, 2010. The magistrate judge found that petitioner's § 2255 to be time-barred. On May 10, 2010, petitioner filed an objection to the M&R, arguing that his § 2255 petition is timely. Petitioner also argues that he is entitled to equitable tolling. Respondent did not file a response to petitioner's objection.

## DISCUSSION

A.     Motion to Dismiss

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review

where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Petitioner objects to the recommendation that his § 2255 petition be dismissed, arguing that his § 2255 petition is timely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a motion to vacate, set aside, or correct sentence pursuant to § 2255 must be filed within one year. The period begins to run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the case at hand, the statutory period began to run on the date on which the judgment became final. Petitioner did not file a direct appeal. Accordingly, his conviction became final fourteen (14) days after the entry of final judgment on March 21, 2007, when his opportunity to

3

appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed.R.App.P. 4(b). Accordingly, petitioner's conviction became final on April 4, 2007.[1] The one-year AEDPA statute of limitations expired one year later, on April 4, 2008. Petitioner did not file his § 2255 petition until April 26, 2010.

Petitioner asserts that he is entitled to statutory tolling because he did not discover his ineffective assistance of counsel claim until after his conviction became final. Petitioner's ineffective assistance of counsel claim is based upon his counsel's alleged failure to file a motion for a sentence reduction pursuant to 18 U.S.C. § 3553(e). Specifically, he asserts that if his counsel had moved for a reduction pursuant to 18 U.S.C. § 3553(e) at his March 21, 2007 sentencing hearing, he could have received a twenty-five (25) percent reduction on his sentence, resulting in a guideline range of one hundred thirty-five (135) to one hundred sixty-eight (168) months. Petitioner argues that this error at his March 21, 2007 sentencing hearing impacted the level of the sentence reduction that he received pursuant to his 18 U.S.C. § 3582 motion.

At best, it might be the case that petitioner was unaware of the failure to file a motion pursuant to 18 U.S.C. § 3553(e) until the public defender revealed this information in his February 12, 2009, amended motion pursuant to 18 U.S.C. § 3582. (Under petitioner's argument, this would also be the date that any ineffective assistance with respect to the § 3582 should have come to light.) Even under this best-case scenario, plaintiff's claims would be time barred because the one-year limitations period would have expired on February 12, 2010. Petitioner did not file his current habeas petition until February 16, 2010.

---

[1] As the magistrate judge noted, a criminal conviction is final upon a failure to timely appeal even if it can later be modified as authorized by Congress, such as under Rule 35(b) or 18 U.S.C. § 3582(c). See United States v. Hartwell, 448 F.3d 707, 720-21 (4th Cir. 2006) (Williams, J., concurring).

4

In any event, the court finds that petitioner's ineffective assistance of counsel claim arose out of conduct that occurred at his March 21, 2007, sentencing hearing and that this claim would have been apparent to a petitioner, acting with due diligence, on that date. For the foregoing reasons, the statute of limitation period began to run on the date that petitioner's conviction became final pursuant to 28 U.S.C. § 2255(1), and petitioner's objection is overruled.

Petitioner next argues that the statute of limitations period should be tolled pursuant to the doctrine of equitable tolling. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (holding that statutory periods in AEDPA are subject to equitable tolling). Equitable tolling is rarely applied. "Any invocation of equity to relieve the strict application of a statute of limitation must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGugliemo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d 238, 246.

Petitioner states that he is entitled to equitable tolling because he was not aware of his ineffective assistance of counsel claim until the court modified his judgment pursuant to 18 U.S.C. § 3582. Petitioner has not provided any factual support for this claim. For instance, he has not explained how he was prevented from discovering that he allegedly was entitled to a twenty-five (25)

5

percent reduction at his March 21, 2007 sentencing hearing. Accordingly, petitioner has not demonstrated that he diligently pursued his rights. Because petitioner has not demonstrated extraordinary circumstances to justify equitable tolling or that he pursued his rights diligently, he is not entitled to equitable tolling. Thus, petitioner's action is time-barred, and respondent's motion to dismiss is GRANTED.

B.    Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

6

**CONCLUSION**

For the reasons stated, and upon *de novo* review, the court finds petitioner's objections to the M&R to be without merit. Accordingly, following the recommendation of the magistrate judge, respondent's motion to dismiss (DE # 44) is GRANTED, and petitioner's § 2255 motion (DE # 41) is DISMISSED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close the case file.

SO ORDERED, this the 27 day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge